JOSEPH P. RUSSONIELLO (CABN 44332)
United States Attorney

BRIAN J. STRETCH (CABN 163973)
Chief, Criminal Division

DEREK R. OWENS (CABN 230237)
Assistant United States Attorney

    450 Golden Gate Avenue, 11th Floor
    San Francisco, California  94102
    Telephone:  (415) 436-6488
    Fax:  (415) 436-7234
    Email: Derek.Owens@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 3-08-70172 JCS |
| Plaintiff, | |
| v. | STIPULATION AND [PROPOSED] ORDER CONTINUING HEARING TO MAY 21, 2008 AT 9:30 A.M. AND EXCLUDING TIME FROM APRIL 24, 2008 THROUGH MAY 21, 2008 |
| FRANCISCO ROMERO VIAN, | |
| Defendant. | |

    On March 28, 2008, the parties in this case appeared before Magistrate Judge Joseph C. Spero for an initial appearance on a criminal complaint charging passport fraud.  The defendant was released on a $50,000, unsecured personal recognizance bond.  At that time, the parties requested and the Court agreed to set the preliminary hearing for April 24, 2008.  Since that March 28 appearance, the parties have been in discussions and appear to be close to a resolution.  Although the parties are close to resolving the matter, it is clear that counsel for defendant will need a short amount of additional time to conclude consultations with immigration counsel regarding the case.  These consultations are required for the effective preparation of defense

STIP. AND ORDER
CR 3-08-70172 JCS

1  counsel in his representation of defendant.

2     The parties hereby jointly and respectfully request that the Court continue this matter to
3  Wednesday, May 21, 2008 at 9:30 a.m., before the duty Magistrate Judge Edward M. Chen for a
4  preliminary hearing.

5     The parties further stipulated that pursuant to Federal Rule of Criminal Procedure
6  (FRCP) 5.1(d), the time limits set forth in FRCP 5.1(c) be excluded from April 24, 2008 through
7  May 21, 2008.  The parties agree that – taking into account the public interest in prompt
8  disposition of criminal cases – good cause exists for this extension.  Defendant also agrees to
9  exclude for this period of time any time limits applicable under Title 18, United States Code,
10 Section 3161.  The parties represented that granting the continuance is the reasonable time
11 necessary for continuity of defense counsel and effective preparation of defense counsel, taking
12 into account the exercise of due diligence.  See 18 U.S.C. § 3161(h)(8)(B)(iv).  The parties also
13 agreed that the ends of justice served by granting such a continuance outweighed the best
14 interests of the public and the defendant in a speedy trial.  See 18 U.S.C. § 3161(h)(8)(A).

15

16 SO STIPULATED:

17                                             JOSEPH P. RUSSONIELLO
                                                United States Attorney
18
         4/22/2008                              /s/ Derek Owens
19 DATED: _____                      _____
                                                DEREK R. OWENS
20                                              Assistant United States Attorney

21
         4/23/2008                              /s/ Steven Teich
22 DATED: _____                      _____
                                                STEVEN EMERY TEICH
23                                              Attorney for Mr. Vian

24
     For the reasons stated above, the Court hereby vacates the April 24, 2008 hearing before
25
   Magistrate Judge James Larson and continues it to Wednesday, May 21, 2008 at 9:30 a.m.,
26
   before the duty Magistrate Judge Edward M. Chen for a preliminary hearing.  The Court further
27
   finds that an exclusion of time from April 24, 2008 through May 21, 2008 is warranted and that
28

STIP. AND ORDER
CR 3-08-70172 JCS                          2

1 the ends of justice served by the continuance outweigh the best interests of the public and the
2 defendant in a speedy trial. See 18 U.S.C. §3161 (h)(8)(A); FRCP 5.1(d). The failure to grant
3 the requested continuance would deny the defendant of continuity of counsel and would deny
4 defense counsel the reasonable time necessary for effective preparation, taking into account the
5 exercise of due diligence, and would result in a miscarriage of justice. See 18 U.S.C.
6 §3161(h)(8)(B)(iv).

8 SO ORDERED.

11 DATED:_____        _____
                               THE HONORABLE JAMES LARSON
                               United States Magistrate Judge

STIP. AND ORDER
CR 3-08-70172 JCS                          3